**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SAMISONI TAUKITOKU, | |
| Petitioner, | |
| v. | 3:16-cv-00762-HDM-WGC |
| TIMOTHY FILSON, et al. | **ORDER** |
| Respondents. | |

This counseled habeas matter comes before the court on petitioner's renewed motion for discovery (ECF No. 20). Respondents, for the most part, do not oppose (ECF No. 21). Petitioner has filed a reply (ECF No. 22).

By way of his discovery motion, petitioner seeks to obtain from the Washoe County District Attorney's Office all materials that were disclosed to defense counsel in advance of or during petitioner's trial. Petitioner has been unable to obtain these materials from prior counsel. Petitioner asserts that discovery is necessary to develop three claims in his petition: (1) Ground Three, which asserts that trial counsel was ineffective for failing to present rebuttal witnesses to the State's prior bad act evidence; (2) Ground Four, which alleges that trial counsel was ineffective for failing to investigate the case; and (3) Ground Eight, which asserts that

petitioner's right to due process and a fair trial was violated when the trial court denied the defense's request to continue trial after voluminous disclosures were made on the eve of trial.

Respondents essentially do not oppose but ask the court to require petitioner to first subpoena his former attorneys in order to compel a thorough search for the documents before burdening the District Attorney. Respondents also ask that petitioner be required to provide a sworn declaration identifying what, if any, missing documents he previously received from his attorneys, as the State should not have to bear the burden of producing documents that were lost through petitioner's own neglect.

Petitioner's counsel responds that she engaged in a months-long exchange with all five of petitioner's prior attorneys in an effort to obtain the files and – based on their responses – believes they have nothing more to provide. Counsel further argues that there is no indication petitioner has ever been in possession of any documents from his file.

"A habeas petitioner does not enjoy the presumptive entitlement to discovery of a traditional civil litigant." *Rich v. Calderon*, 187 F.3d 1064, 1068 (9th Cir. 1999) (citing *Bracy*, *Bracy v. Gramley,* 520 U.S. 899, 903-05). Discovery in habeas matters is governed by Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, which states: "A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise."

The Supreme Court has construed Rule 6, holding that if through

"specific allegations before the court," the petitioner can "show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Bracy*, 520 U.S. at 908-09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). This inquiry is informed by the essential elements of the claims for which petitioner seeks discovery. *Id.* at 904. Thus, the purpose of discovery in a habeas proceeding is not to develop new claims, but, rather, to develop factual support for specific allegations contained in existing claims. *See also Rich*, 187 F.3d at 1067 ("Habeas is an important safeguard whose goal is to correct real and obvious wrongs. It was never meant to be a fishing expedition for habeas petitioners to 'explore their case in search of its existence.'"). Moreover, additional factors may influence whether the court grants leave to conduct discovery. *See, e.g., Sherman v. McDaniel*, 333 F. Supp. 2d 960, 969 (D. Nev. 2004) (noting that the court, in exercising its discretion under Rule 6, should take into consideration whether the claims to which petitioner's proposed discovery relates are exhausted in state court).

Having considered the parties' arguments and the petition in this case, the court finds good cause to grant petitioner's essentially unopposed discovery request. In review of the petitioner's assertion that his prior attorneys do not have any materials that have not already been turned over, the court concludes it would unnecessarily delay litigation of this case to require petitioner to first subpoena his prior attorneys. The court declines to compel petitioner to submit a sworn declaration as requested by respondents, as the court accepts

counsel's representation that petitioner is not in possession of the materials requested in this proceeding.

The court therefore grants petitioner leave to issue subpoenas to the Washoe County District Attorney's Office in order to obtain any and all materials that were previously disclosed to the defense before and during petitioner's trial to the extent these materials are still in the possession of the District Attorney's office, specifically:

1. All the police reports, including witness identifying information and statements (audio or written), arrest reports, crime reports, officer reports, evidence impound reports, and photographs;
2. All witness identifying information and statements relating to the prior bad act rebuttal evidence that was introduced at trial;
3. Medicals records of the victims, including autopsy reports;
4. All firearm and ballistics reports;
5. All crime lab reports;
6. All expert witness reports;
7. Any and all correspondence, including e-mails, between the prosecuting and defense attorneys at trial, including but not limited to plea negotiations and the disclosure of pre-trial discovery;
8. Records pertaining to plea negotiations of petitioner's co-defendant, Saili Manu.

Accordingly, IT IS THEREFORE ORDERED that petitioner's motion for discovery (ECF No. 20) is GRANTED, such that petitioner may pursue the discovery hereinabove set forth, without the necessity of prior court approval of the subpoenas served to obtain the discovery approved by

this order.

IT IS FURTHER ORDERED that the certification requirements of Rules 26(c)(1) and 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule LR 26-7 apply to any and all disputes with regard to the discovery allowed herein. The parties and any non-parties served shall confer and endeavor in good faith to resolve any and all discovery disputes in this regard, and they shall seek court intervention only as a last resort. All applicable discovery sanction provisions of Rules 26 through 37 further shall apply. Any and all discovery matters in this habeas case, including any emergency discovery disputes under Local Rule LR 26-7(c), will be handled in this case by the Presiding District Judge rather than the Magistrate Judge.

IT IS FURTHER ORDERED that petitioner shall have ninety (90) days from entry of this order to complete the discovery authorized by this order.

IT IS FURTHER ORDERED that petitioner shall have one hundred twenty (120) days from entry of this order to file, along with any requests for other appropriate relief, either: (a) an amended petition taking into account the facts developed in the discovery; or (b) a notice that petitioner will not be seeking to amend the petition at that juncture. Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding as to the expiration of the federal limitation period and/or of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any deadlines established or extensions granted herein. That is, by

setting a deadline to amend the petition and/or by granting any extension thereof, the court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

IT IS FURTHER ORDERED that respondents' motion to delay filing of an answer or other response to the first amended petition (ECF No. 23) is GRANTED. Respondents shall have thirty (30) days from service of a second amended petition or notice that petitioner will not amend his petition to respond to the operative petition.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from service of the response to the petition to file an opposition to a motion to dismiss or a reply to an answer.

IT IS FURTHER ORDERED that any procedural defenses raised by respondents to the petition shall be raised together in a single consolidated motion to dismiss. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623 24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT FURTHER IS ORDERED that any state court record and related exhibits filed herein by either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment. If the exhibits filed will span more than one ECF Number in the record, the first document under each successive ECF Number shall be either another copy of the index, a volume cover page, or some other document serving as a filler, so that each exhibit under the ECF Number thereafter will be listed under an attachment number (i.e., Attachment 1, 2, etc.).

IT FURTHER IS ORDERED that the hard copy of any exhibits filed by either counsel shall be delivered – for this case – to the Reno Clerk's Office.

IT IS SO ORDERED.

DATED: This 9th day of May, 2018.

_____
HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE

7