UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SAMISONI TAUKITOKU,  )
       Petitioner, )
       ) 3:16-cv-00762-HDM-WGC
  v. )
       )
TIMOTHY FILSON, et al. ) **ORDER**
       )
       Respondents. )
       )
_____)

This counseled habeas petition comes before the court on petitioner's third motion for discovery (ECF No. 32). Respondents have opposed (ECF No. 36), and petitioner has replied (ECF No. 37).

Petitioner in this action challenges his state court judgment of conviction, pursuant to jury trial, of three counts of murder with a deadly weapon and four counts of assault with use of a deadly weapon. (ECF No. 19 at 2-3). The court previously granted petitioner leave to conduct discovery to obtain his criminal case materials from the District Attorney's office. Petitioner now asks the court to order the Washoe County Crime Lab to release the materials underlying the State expert's evaluation of the ballistics recovered in the case.

The charges against petitioner arose from events that took place on October 28, 2007.[1] After several fights broke out during a

---

[1] The court's summary is drawn from the pleadings and the court's independent preliminary review of the record. The summary is intended only for the purpose of deciding the instant motion for discovery and is not adopted for any other purpose in this habeas proceeding, including but not

Halloween house party on that night, shots were fired, and three people died. At one point during the fights, petitioner brandished a firearm in the house and threatened another person. He later fired several shots outside. Eyewitness testimony was presented that petitioner shot one or two people, including victim Charles Coogan Kelly. (*See* Ex. 16 (Tr. 35 (identifying the victim in Exhibit 3 as Kelly); Ex. 18 (Tr. 357 (testifying that she saw petitioner shoot the man in Exhibit 3); Ex. 19 (Tr. 546) (testifying that he saw petitioner shoot one or two people)).[2] Sali Manu, who was charged alongside petitioner, was also seen brandishing a gun. Petitioner and Manu were arrested as they drove away from the party. Firearms were recovered from both.

Another partygoer, Andre Lawson, testified that he fired two warning shots into the air when fighting broke out. Manu did not testify, and no evidence was presented at trial that he had fired any shots. There was no evidence at trial of any shots other than those fired by Lawson and petitioner.

The State's ballistics expert, Kevin Lattyak, compared the projectiles, casings and fragments recovered from the scene to petitioner's, Manu's and Lawson's firearms. Lattyak testified that with the exception of two or three projectiles or fragments, the remaining ballistics evidence either positively matched petitioner's gun or was consistent with petitioner's gun. Lattyak further testified that none of the bullets recovered could have come from a .32, which is the weapon Manu had, because they were too big. Two bullets

---

limited to adjudication of the merits of the petition.

[2] The trial transcripts are located at ECF No. 40.

recovered from the body of Charles Coogan Kelly were postively matched to petitioner's gun. A projectile recovered from Derek Jensen's body bag was positively matched to petitioner's gun. No bullets were recovered from the body or body bag of the third victim, Nathan Viljoen.

During an investigation for the instant habeas petition, counsel located and obtained declarations from several eyewitnesses who claim they saw persons other than petitioner fire shots during the fights. (ECF No. 33 Exs. 5-10). One person observed Lawson fire six to seven rounds toward the house from the street. (Ex. 5). Another person also saw a person standing in the street, shooting six to eight rounds toward the house, and that person did not match petitioner's description. (Ex. 6). Another witness, who refused to go on the record with petitioner's counsel but whose observation was at least partially reported to police, also saw a man wearing a shirt similar to that Lawson wore that night shooting toward the house. (Exs. 11 & 12). One person avers he saw someone fitting the description of Manu shoot toward the garage during the fight and that he "knew [that person] killed DJ because [he] saw DJ collapse near the garage door." (Ex. 8). These reports, petitioner argues, call into question Lattyak's conclusion that "virtually all of the bullets and shell casings, including those recovered from the victims' bodies, matched or were very similar to those from [petitioner's] firearm." (ECF No. 32 at 4). Petitioner argues that in light of the evidence that two other people fired shots during the fight,[3] the ballistics evidence must be

---

[3] While, as noted, there was evidence at trial that Lawson had fired shots, the evidence was that he had shot into the air; now petitioner has uncovered several witnesses saw Lawson, or someone matching his description, fire shots at the house.

subjected to adversarial testing. To that end, petitioner seeks release of Lattyak's bench notes and photographs, on which he based his report, as well as the physical evidence itself, for review by an independent expert. (ECF No. 32 at 3).

"A habeas petitioner does not enjoy the presumptive entitlement to discovery of a traditional civil litigant." *Rich v. Calderon*, 187 F.3d 1064, 1068 (9th Cir. 1999) (citing *Bracy*, *Bracy v. Gramley,* 520 U.S. 899, 903-05). Discovery in habeas matters is governed by Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, which states: "A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise."

The Supreme Court has construed Rule 6, holding that if through "specific allegations before the court," the petitioner can "show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Bracy*, 520 U.S. at 908-09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). This inquiry is informed by the essential elements of the claims for which petitioner seeks discovery. *Id.* at 904. Thus, the purpose of discovery in a habeas proceeding is not to develop new claims, but, rather, to develop factual support for specific allegations contained in existing claims. *See also Rich*, 187 F.3d at 1067 ("Habeas is an important safeguard whose goal is to correct real and obvious wrongs. It was never meant to be a fishing expedition for habeas petitioners to

'explore their case in search of its existence.'"). Moreover, additional factors may influence whether the court grants leave to conduct discovery. *See, e.g., Sherman v. McDaniel*, 333 F. Supp. 2d 960, 969 (D. Nev. 2004) (noting that the court, in exercising its discretion under Rule 6, should take into consideration whether the claims to which petitioner's proposed discovery relates are exhausted in state court).

Petitioner asserts that the discovery sought is in aid of developing Grounds Four and Eight of the First Amended Petition. In Ground Four, petitioner alleges that his trial counsel was ineffective for failing to investigate his case, including by failing to obtain a ballistics expert. (ECF No 19 at 14-15). And in Ground Eight, petitioner asserts that the trial court violated his rights to due process and a fair trial by denying defense counsel's motions to continue trial. (*Id.* at 25-27). Petitioner admits that both of these claims are unexhausted.

Respondents argue that petitioner should be required to pursue discovery as to these unexhausted claims in the state courts first. They further argue that under *Cullen v. Pinholster*, 563 U.S. 170 (2011), the court's review is limited to the state court record and that discovery is improper unless the petitioner can show the evidence would be admissible in an evidentiary hearing.

The court agrees that because petitioner seeks discovery only with respect to unexhausted claims, these claims, and their related discovery, should be pursued in the state court in the first instance. The motion for discovery will therefore be denied. However, the court would likely be inclined to grant petitioner a motion to stay and abey should he wish to pursue Grounds Four and/or Eight in state court

before proceeding further in this action.

In accordance with the foregoing, IT IS THEREFORE ORDERED that petitioner's third motion for discovery (ECF No. 32) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that petitioner will have thirty days from entry of this order to either file a second amended petition or move for other appropriate relief, including but not limited to a motion to stay and abey.

IT IS SO ORDERED.

DATED: This 9th day of April, 2019.

_____
HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE

6