# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SAMISONI TAUKITOKU,  )
       Petitioner,  )
                                  )    3:16-cv-00762-HDM-WGC
   v.  )
TIMOTHY FILSON, et al.  )    **ORDER**
       Respondents.  )
_____  )

This counseled habeas petition comes before the court on petitioner's motion to stay and abey (ECF No. 42). Respondents have not opposed, and the time for doing so has expired.

Petitioner in this action challenges his state court judgment of conviction, pursuant to jury trial, of three counts of murder with a deadly weapon and four counts of assault with use of a deadly weapon. (ECF No. 19 at 2-3). The second amended petition contains two unexhausted claims, and petitioner now seeks a stay and abeyance so that he may exhaust those claims in state court.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the

petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. The Court went on to state that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). This court has declined to prescribe the strictest possible standard for issuance of a stay. "[I]t would appear that good cause under *Rhines*, at least in this Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant." *Riner v. Crawford*, 415 F. Supp.2d 1207, 1210 (D. Nev. 2006). Thus, a petitioner's confusion over whether his petition would be timely filed constitutes good cause for the petitioner to file his unexhausted petition in federal court. *See id.* (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005)). Ineffective assistance of postconviction counsel can also constitute good cause. *Blake v. Baker*, 745 F.3d 977, 982-83 (9th Cir. 2014).

Petitioner argues that good cause because he did not learn of the basis for his unexhausted claims while litigating his state

postconviction petition due to the ineffective assistance of postconviction counsel. Given the potential significance of petitioner's new claims, it was at least arguably ineffective if postconviction counsel failed to pursue the. The court therefore finds good cause for the failure to exhaust the claims in state court before filing the federal petition. The court further finds that the unexhausted grounds are not "plainly meritless," and that petitioner has not engaged in intentionally dilatory litigation tactics. Accordingly, petitioner's unopposed motion for a stay and abeyance (ECF No. 42) will be granted.

In accordance with the foregoing, petitioner's unopposed motion for stay and abeyance (ECF No. 42) is granted.

It is further ordered that this action is stayed pending exhaustion of the unexhausted claims in the amended petition.

It is further ordered that the grant of a stay is conditioned upon petitioner litigating his state postconviction petition or other appropriate proceeding in state court and returning to federal court with a motion to reopen within forty-five (45) days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings.

It is further ordered that the clerk shall administratively close this action, until such time as the court grants a motion to reopen the matter.

IT IS SO ORDERED.

DATED: This 29th day of May, 2019.

_____
HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE