**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SAMISONI TAUKITOKU,<br><br>              Petitioner,<br>    v.<br><br>WARDEN FILSON, et al.,<br><br>              Respondents. | Case No. 3:16-cv-00762-HDM-WGC<br><br>**ORDER** |

This habeas matter is before the Court on Petitioner Samisoni Taukitoku's Motion to Reopen ("Motion") (ECF No. 46). Respondents filed a Non-Opposition (ECF No. 48). For the reasons discussed below, Petitioner's Motion is granted.

On May 29, 2019, the Court administratively closed this action while Petitioner exhausted his unexhausted claims in state court. (ECF No. 32.) Petitioner has completed his state court proceedings and now moves to reopen these federal habeas proceedings. On May 9, 2018, the Court granted Petitioner's renewed motion for discovery and set forth a scheduling order for Petitioner to file an amended petition taking into account the facts developed in discovery. (ECF No. 25.)

**IT IS THEREFORE ORDERED:**

1. Petitioner Samisoni Taukitoku's Motion to Reopen (ECF No. 46) is GRANTED.
2. As the stay is lifted by this order, the Clerk of Court will reopen this action.
3. Petitioner has until October 29, 2021 to file a second amended petition. Petitioner at all times remains

1

      responsible for calculating the running of the federal limitation period and timely presenting claims.

4. Respondents will have sixty days following the service of the amended petition to answer, or otherwise respond to, the second amended petition.

5. Petitioner shall have sixty days following service of the answer to file and serve a reply brief. If a dispositive motion is filed, the parties shall brief the motion in accordance with Local Rule 7-2.

6. Any procedural defenses Respondents raise to the second amended petition must be raised together in a single consolidated motion to dismiss. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents will not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2), they must do so within the single motion to dismiss, not in the answer, and specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, will be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

7. In any answer filed on the merits, Respondents shall

specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

8. Any further state court record and related exhibits filed herein shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment. If the exhibits filed will span more than one ECF Number in the record, the first document under each successive ECF Number shall be either another copy of the index, a volume cover page, or some other document serving as a filler, so that each exhibit under the ECF Number thereafter will be listed under an attachment number (*i.e.*, Attachment 1, 2, etc.).

9. Paper copies of any exhibits—for this case—need not be provided to chambers or the staff attorney, unless later directed to do so by the Court.

DATED: this 1st day of October, 2021.

_____
HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE