**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SAMISONI TAUKITOKU,

                   Petitioner,

    v.

WARDEN FILSON, et al.,

                  Respondents.

Case No. 3:16-cv-00762-HDM-CSD

**ORDER**

This habeas matter is before the Court on Respondents' Motion for Partial Reconsideration, or in the Alternative, Motion for Clarification (ECF No. 64). Petitioner Samisoni Taukitoku filed his Opposition (ECF No. 65). Also before the Court is Respondents' Motion to Suspend Briefing (ECF No. 66), Petitioner's Opposition (ECF No. 67), and Respondents' Reply (ECF No. 68).

**Background**

The Court granted Taukitoku's first motion for discovery and instructed the Washoe County District Attorney's Office to provide all materials previously disclosed to defense before and during Taukitoku's trial. (ECF No. 25.)  After receiving the materials provided as a result of the order granting discovery, counsel conducted its own investigation for the instant habeas case. Counsel located and obtained declarations from several eyewitnesses who claim they saw persons other than Taukitoku fire shots during the fights. (Exs. 5-10; ECF No. 33.)

Taukitoku filed a third motion for discovery seeking the release of the State's ballistics expert, Kevin Lattyak's ("Lattyak") bench notes and photographs, on which he based his

report, as well as physical evidence, for review by an independent expert. (ECF No. 32.) The Court denied his motion without prejudice finding that Taukitoku should first pursue his unexhausted claims and their related discovery in state court. (ECF No. 41.) The Court then granted Taukitoku's motion for stay and abeyance pending exhaustion of his unexhausted claims. (ECF No. 44.) The state court dismissed his state habeas petition finding his claims procedurally barred.[1] (Ex. 44; ECF No. 47-22.) Taukitoku appealed and the Nevada Supreme Court affirmed. (Ex. 49; ECF No. 47-26.)

The Court granted Taukitoku's motion to reopen and Taukitoku filed his second amended petition. (ECF Nos. 49, 50.) Taukitoku filed a fourth motion for discovery again seeking the release of Lattyak's bench notes and photographs as well as release of physical evidence, including 2 firearms, 10 projectiles, 16 casings, and 1 fragment recovered for examination at Forensic Analytical Crime Lab. (ECF No. 51.) The Court granted Taukitoku's motion for discovery. (ECF No. 62.) The Court, however, based on Respondents' concerns regarding potential jeopardization of chain of custody for physical materials, instructed the parties to meet and confer and prepare for the Court a proposed order permitting discovery that will assure that a proper chain of custody will be maintained, and that the integrity of the evidence will be maintained and that sufficient safeguards shall be in place to eliminate any possibility of tampering with or alteration or destruction of the release of physical evidence. (*Id.* at 9.)

---

[1] Taukitoku's requests for an evidentiary hearing in state court were denied. (ECF No. 51 at 11.)

**Discussion**

**I.   Motion for Partial Reconsideration, or in the Alternative, Motion for Clarification**

Respondents acknowledge that they are not challenging the Court's order granting discovery. (ECF No. 64 at 3.) Respondents, however, provide that the Washoe County District Attorney and the Washoe County Sheriff's department control the physical evidence at issue and that Respondents do not have a client relationship with such agencies; nor do they have independent authority regarding the production of evidence for such agencies. (*Id.*) Respondents further express concern that a potential meet and confer with Taukitoku may "[blur] the lines between independent agencies and [conflate] the role of the 'state' with that counsel for the Warden." (*Id*. at 4.) Respondents assert that Rule 45 of the Federal Rules of Civil Procedure allows a third-party to object to a subpoena and that they have to be given an opportunity to reach an agreement about the method of transferring property. (*Id*.) Respondents request the Court to alter or amend its order to allow "the third parties having control of the evidence to work with Petitioner's counsel in drafting the necessary orders to allow the release of the evidence for testing by Petitioner's expert." *(Id*. at 4.)

In response, Taukitoku asserts that counsel has gathered further information regarding the physical evidence at issue and the chain of custody protocol of the independent examiner. (ECF No. 65 at 2-3.) The physical evidence has been released to the Reno Police Department ("RPD"). The independent examiner, Forensic Analytical Crime Lab, has established chain of custody protocols

and, in addition, the physical evidence can be shipped directly to the independent examiner with a tracking number serving to maintain chain of custody. (*Id*.) Upon confirmation of control of the physical evidence, the Evidence Supervisor at the RPD agreed that the physical evidence can be shipped to the independent examiner and "expressed no other concerns about maintaining chain of custody." (*Id*. at 3.) Taukitoku requests that the Court order or authorize a subpoena for the Reno Police Department to release the 2 firearms, 10 projectiles, 16 casings, and 1 fragment recovered in connect with this case for examination at Forensic Analytical Crime Lab. (*Id*. at 4.)

The Court agrees with Taukitoku's assertion that it is not necessary for him at this juncture to further address chain of custody with "third parties." (*Id*. at 3.) Entities that are served with subpoenas may raise objections to such subpoenas and Taukitoku represents that he does not anticipate objections from the RPD at this time. (*Id*.) Accordingly, the Court denies Respondents' motion for partial reconsideration to the extent that they request Taukitoku work further with third parties having control of the evidence in drafting a subpoena to release the physical evidence. Taukitoku may proceed with issuing a subpoena for the Reno Police Department to release the 2 firearms, 10 projectiles, 16 casings, and 1 fragment recovered in connection with this case for examination at Forensic Analytical Crime Lab upon the representation that the evidence will be sent directly to the lab via certified mail, FedEx, or UPS with all standard chain of custody protocols to be followed.

## II.  Motion to Suspend Briefing

Respondents request that the Court suspend briefing until the completion of discovery. (ECF No. 66.) They assert that the availability of procedural defenses and their merits analysis may change depending on the outcome of discovery. (*Id*. at 2.) Taukitoku argues that discovery results would only further support his claims and cause and prejudice argument to overcome anticipated procedural defenses. (ECF No. 67 at 4.) He asserts that a suspension of briefing would cause unnecessary delay and anticipates that retesting and analysis of the physical evidence to take approximately one month. (*Id*. at 3-4.) Taukitoku, however, has no objection to an extension of time to file a response to his second amended petition. (*Id*. at 5.)

In their reply, Respondents, in the alternative, request a 90-day extension of time to file a response to Taukitoku's second amended petition. (ECF No. 68 at 1.) Respondents assert that any procedural default defense will likely be met with a cause and prejudice argument, including the application of *Martinez v. Ryan*, 566 U.S. 1 (2012), requiring a merits analysis of the claims that Petitioner is developing through discovery. (*Id*. at 2.)

The Court denies Respondents' request to suspend briefing. The Court, however, finds good cause to grant Respondents' request to extend time to file their response to the second amended petition. Respondents have until September 23, 2022, to file their response to Taukitoku's second amended petition.

**IT IS THEREFORE ORDERED:**

1. Respondents' Motion for Partial Reconsideration, or in the Alternative, Motion for Clarification (ECF No. 64) is

1   DENIED to the extent that they request Taukitoku to work
2   further with third parties having control of the evidence
3   in drafting a subpoena to release the physical evidence.

4   2. Taukitoku may proceed with issuing a subpoena to the Reno
5   Police Department to release the 2 firearms, 10
6   projectiles, 16 casings, and 1 fragment recovered in
7   connection with this case for examination at Forensic
8   Analytical Crime Lab upon the representation that the
9   evidence will be sent directly to the lab via certified
10  mail, FedEx, or UPS with all standard chain of custody
11  protocols to be followed.

12  3. Respondents' Motion to Suspend Briefing (ECF No. 66) is
13  DENIED. Respondents' request to extend, in the alternative,
14  is GRANTED. Respondents have until September 23, 2022, to
15  file their response to Taukitoku's second amended petition.

16  DATED: this 6th day of July, 2022.

_____
HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE