1
2
3          **UNITED STATES DISTRICT COURT**
4              **DISTRICT OF NEVADA**
5  SAMISONI TAUKITOKU,              Case No. 3:16-cv-00762-HDM-CSD
6                   Petitioner,
7        v.                                    **ORDER**
8  WARDEN FILSON, et al.,
                   Respondents.
9

10      This habeas matter is before the Court on Respondents' Motion
11  to Dismiss (ECF No. 85). Also before the Court is Petitioner
12  Samisoni Taukitoku's Motion to Strike Exhibit (ECF No. 89) and
13  Motion for Leave to File Sur-Reply (ECF No. 98). For the reasons
14  discussed below, Respondents' Motion to Dismiss (ECF No. 85) is
15  denied, Petitioner Taukitoku's Motion to Strike Exhibit (ECF No.
16  89) is granted, and his Motion for Leave to File Sur-Reply (ECF
17  No. 98) is denied.

18  **I.   Background**

19      Taukitoku challenges a 2009 state court judgment of
20  conviction for three counts of first-degree murder with use of a
21  deadly weapon and four counts of assault with use of a deadly
22  weapon. Taukitoku was sentenced to three consecutive sentences of
23  life imprisonment without the possibility of parole and four terms
24  of 28 to 72 months for the assault charges, running concurrent
25  with one another but consecutive to the life sentences.

26      On March 10, 2010, the Nevada Supreme Court affirmed
27  Taukitoku's conviction. (ECF No. 75-5.) On December 29, 2010,
28  Taukitoku filed a state habeas petition. (ECF No. 75-21.) Following

appointment of counsel, Taukitoku filed a supplemental state habeas petition. (ECF No. 76-1.) Following an evidentiary hearing wherein Taukitoku's trial counsel and appellate counsel testified, the state court denied his state habeas petition. (ECF No. 77-2.) The Nevada Supreme Court affirmed the denial of relief. (ECF No. 77-24.) Remittitur issued on October 12, 2016. (ECF No. 77-25.)

On December 26, 2016, Taukitoku initiated this federal proceeding *pro se*. (ECF No. 4.) Following appointment of counsel, Taukitoku filed a first amended habeas petition on April 3, 2018. (ECF No. 19.) The Court granted Taukitoku's motion for stay and abeyance to exhaust his unexhausted claims in state court. (ECF No. 44.)

On May 3, 2019, Taukitoku returned to state court and filed a second state habeas petition. (ECF No. 78-1.) The state court dismissed Taukitoku's second state habeas petition as procedurally barred finding Taukitoku failed to demonstrate good cause and actual prejudice. (ECF No. 47-22.) The Nevada Supreme Court affirmed the district court's ruling finding Taukitoku failed to establish actual innocence. (ECF no. 47-27.)

Upon completion of Taukitoku's state court proceedings, the Court granted Taukitoku's motion to reopen. (ECF No. 49.) On October 22, 2021, Taukitoku filed his second amended petition. (ECF No. 50.) Respondents move to dismiss the second amended petition as untimely and certain claims as unexhausted and/or procedurally defaulted. (ECF No. 85.) Taukitoku asserts that all of the claims alleged in his second amended petition relate back to his timely filed *pro se* petition. (ECF No. 90 at 5-16.) He further asserts that he can overcome the procedural default

arguments related to Claims 1, 2, and 8. (*Id.*)

## II.  Discussion

### a. Timeliness

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The one-year limitation period, *i.e.*, 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A). Statutory tolling of the one-year time limitation occurs while a "properly filed" state post-conviction proceeding or other collateral review is pending.  28 U.S.C. § 2244(d)(2).

Here, the parties do not dispute that Taukitoku's original petition was timely filed. Taukitoku argues that all of the claims raised in his second amended petition relate back to his timely filed original petition. Respondents assert that Claims 1, 2, and 8 fail to relate back and should be dismissed.[1]

### b. Relation Back

Congress has authorized amendments to habeas petitions as provided in the Federal Rules. *Mayle v. Felix*, 545 U.S. 644, 649 (2005)(citing 28 U.S.C. § 2242). Under Rule 15, an untimely amendment properly "relates back to the date of the original pleading" as long as it arises out of the same "conduct, transaction, or occurrence." Fed. R. Civ. P. 15(c). For habeas

---

[1] In their reply, Respondents withdraw their argument that Claims 3, 4, 5, 6, and 7 of the second amended petition fail to relate back to Taukitoku's timely filed petition. (ECF No. 97 at 6.)

petitions, "relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims." *Mayle*, 545 U.S. at 659. New claims in an amended habeas petition do not arise out of "the same conduct, transaction or occurrence" as prior claims merely because they challenge the same trial, conviction, or sentence. *Mayle*, 545 U.S. at 661; *Hebner v. McGrath*, 543 F.3d 1133, 1134 (9th Cir. 2008)("It is not enough that the new argument pertains to the same trial, conviction, or sentence."). Rather, to properly relate back, a new claim must arise from the same collection of facts alleged in the earlier petition. *Mayle*, 545 U.S. at 661; *Schneider v. McDaniel*, 674 F.3d 1144, 1151 (9th Cir. 2012)(holding that one shared fact in two divergent legal theories was "not sufficient to conclude that they arise out of a common *core* of operative facts"). An amended habeas petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type" from those alleged in the timely petition. *Mayle*, 545 U.S. at 650.

> Presenting a claim that trial counsel rendered ineffective assistance because he failed to establish a particular defense cannot preserve for the petitioner any claim of ineffective assistance based on failure to establish a defense that the petitioner might later discover. Such a holding would, as the district court put it, stand *Mayle* on its head.

*Schneider v. McDaniel*, 674 F.3d 1144, 1152 (9th Cir. 2012).

"[T]he 'time and type' language in *Mayle* refers not to the claims, or grounds for relief. Rather, it refers to *the facts that support those grounds*." *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).

///

### i. **Claim 1**

In Claim 1, Taukitoku alleges that trial counsel rendered ineffective assistance for failure to investigate the case. (ECF No. 50 at 13-20.) This claim relates back to Ground 7 of Taukitoku's original petition that alleges, *inter alia,* that counsel failed to "properly investigate all witness statements in the discovery" and that counsel was "unprepared" for trial because she failed to investigate the case. (ECF 1-1 at 22.)

In this regard, the Court is not persuaded by the argument that the operative facts of the second amended petition fundamentally alters the common core of operative facts on which the amended claim rests. Both are ineffective assistance of counsel ("IAC") claims based on trial counsel's failure to investigate, and specifically, a failure to investigate witnesses. The legal theory is the same and the counseled Claim 1 merely "expands or modifies the facts alleged in the earlier pleading, restates the original claim with greater particularity, or amplifies the details of the transaction alleged in the preceding pleading." *Ross v. Williams*, 950 F.3d 1160, 1168 (9th Cir. 2020)(citing 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1497 (3d ed. 2019)(internal brackets and quotation marks omitted)).

Applying the liberal construction accorded to *pro se* filings under the governing law to the fullest possible extent, the Court is persuaded that Claim 1 relates back to Ground 7 of the *pro se* petition. Accordingly, Claim 1 is timely.

### ii. **Claim 2**

In Claim 2, Taukitoku alleges that he was denied his right to

due process and a fair trial when the trial court erroneously denied a request for continuance. (ECF No. 50 at 21-23.) Taukitoku argues that this claim relates back to Ground 3 of his *pro se*, original petition. The Court agrees. Ground 3 also alleges that the failure to grant a continuance violated his right to a fair trial and due process and refers to the CDs turned over to defense 10 days before trial. Claim 2 relates back to the filing of the original *pro se* petition and is not barred by the statute of limitations.

### iii. Claim 8

In Claim 8, Taukitoku alleges denial of his right to due process, fair trial, and equal protection given the cumulative errors during his trial. (ECF No. 50 at 38-39.) The Court determines that this cumulative error claim relates back to the original petition and is not barred by the statute of limitations to the extent that any of the constituent claims upon which it is based relate back and are not barred. Claim 8 is timely.

### c. Exhaustion

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). To satisfy the exhaustion

requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan*, 526 U.S. at 844-45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(en banc).

A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.'" *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996)); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

A state appellate court decision on the merits of a claim of course exhausts the claim. *E.g.*, *Comstock v. Humphries*, 786 F.3d 701, 707 (9th Cir. 2015). "In the exhaustion context, the Supreme Court has admonished lower courts that the complete exhaustion requirement is not intended to 'trap the unwary *pro se* prisoner'." *Davis v. Silva*, 511 F.3d 1005, 1009 n.4 (9th Cir. 2008)(quoting *Slack v. McDaniel*, 529 U.S. 473, 487 (2000)(rejecting argument that petitioner should be limited to claims in an initial federal petition after returning to federal court from state exhaustion proceedings)).

### i. Claim 4

Claim 4 alleges that trial counsel rendered ineffective assistance for failure to object to the prosecutor's characterization of Taukitoku as an "alpha male." (ECF No. 50 at 27.) Respondents contend that Claim 4 is unexhausted because Taukitoku argued that appellate counsel rendered ineffective

assistance for failure to object to prosecution characterization and now raises a different claim that trial counsel failed to object. The Court finds, upon review of the state court record, that Claim 4 is exhausted. Although the heading of the claim alleged in Taukitoku's appellate brief refers to appellate counsel, he alleges that he was "denied his right to effective assistance of trail [sic] counsel" and that "[c]ounsel failed to object to the Prosecutor…" (ECF No. 77-17 at 26.) The Court finds Claim 4 was fairly presented to the state appellate court and is therefore exhausted.

### d. Procedural Default

#### i. Claim 1

Taukitoku argues that he can demonstrate cause and prejudice under *Martinez v. Ryan*, 566 U.S. 1 (2012), to overcome the procedural default of Claim 1. (ECF No. 90 at 16.) Taukitoku raised this claim in his second state habeas petition and the state court dismissed the claim as procedurally defaulted. (*Id.*) Where a petitioner has "procedurally defaulted" a claim, federal review is barred unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.

"Generally, post-conviction counsel's ineffectiveness does not qualify as cause to excuse a procedural default." *Ramirez v. Ryan*, 937 F.3d 1230, 1241 (9th Cir. 2019) (citing *Coleman*, 501 U.S. at 754-55). However, in *Martinez*, the Supreme Court created a narrow exception to the general rule that errors of post-conviction counsel cannot provide cause for a procedural default. *See* 566 U.S. at 16-17. "Under *Martinez*, the procedural

default of a substantial claim of ineffective assistance of trial counsel is excused, if state law requires that all claims be brought in the initial collateral review proceeding ... and if in that proceeding there was no counsel or counsel was ineffective." *Ramirez*, 937 F.3d at 1241 (citing *Martinez*, 566 U.S. at 17). Nevada law requires prisoners to raise ineffective assistance of counsel ("IAC") claims for the first time in a state petition seeking post-conviction review, which is the initial collateral review proceeding for the purposes of applying the *Martinez* rule.[2] *See Rodney v. Filson*, 916 F.3d 1254, 1259-60 (9th Cir. 2019).

To establish cause and prejudice to excuse the procedural default of a trial-level IAC claim under *Martinez*, a petitioner must show that:

> (1) post-conviction counsel performed deficiently; (2) there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different, and (3) the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Ramirez*, 937 F.3d at 1242 (internal quotation omitted). The first and second "cause" prongs of the *Martinez* test are derived from *Strickland v. Washington*, 466 U.S. 668 (1984). *See Ramirez*, 937 F.3d at 1241. The Court's determination of the second prong—

---

[2] The Nevada Supreme Court does not recognize *Martinez* as cause to overcome a state procedural bar pursuant to Nevada law. *Brown v. McDaniel*, 130 Nev. 565, 571-76, 331 P.3d 867, 871-75 (2014) (en banc). Thus, a Nevada habeas petitioner who relies on *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred, but that he nonetheless has a potentially viable argument for cause and prejudice under federal law.

whether there was a reasonable probability that the result of the post-conviction proceedings would be different— "is necessarily connected to the strength of the argument that trial counsel's assistance was ineffective." *Id.* (quoting *Clabourne v. Ryan*, 745 F.3d 362, 377 (9th Cir. 2014), *overruled on other grounds by McKinney v. Ryan*, 813 F.3d 798, 819 (9th Cir. 2015) (en banc)). The third "prejudice" prong directs courts to assess the merits of the underlying IAC claim. *See id.* A procedural default will not be excused if the underlying IAC claim "is insubstantial," *i.e.*, it lacks merit or is "wholly without factual support." *Id.* (quoting *Martinez*, 566 U.S. at 14-16).

Here, Taukitoku advances only *Martinez* as a basis for excusing the default of his ineffective assistance of counsel claim. Respondents request that the Court defer ruling on whether Claim 1 is procedurally defaulted given the fact-intensive nature of the claim. (ECF No. 97 at 7-8.) The Court agrees that these questions are inextricably intertwined with the merits of the claims themselves. Accordingly, the Court will defer a determination on whether Taukitoku can demonstrate cause and prejudice until the time of merits determination. The motion to dismiss Claim 1 as procedurally defaulted is denied without prejudice. Respondents may renew the procedural default argument as to these claims in their answer.

### ii. Claim 2

Claim 2 is barred in this federal action by the procedural default doctrine, unless Taukitoku can show cause and prejudice regarding the procedural default, or unless he can show that "a constitutional violation has probably resulted in the conviction

of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 498 (1986). Taukitoku argues that he can overcome the procedural default by showing that he is actually innocent.

The Court finds that the question whether Taukitoku can overcome his procedural default of Claim 2 with a showing of actual innocence is an issue that will be better addressed in conjunction with the merits of all Taukitoku's claims, after Respondents file an answer and Taukitoku a reply. Therefore, the Court will deny Respondents' motion to dismiss based on procedural default, with respect to Claim 2, without prejudice to Respondents raising procedural default as a defense to Claim 2 in their answer, and without prejudice to Taukitoku asserting his claim of actual innocence to overcome the procedural default of that claim, in his reply.

### iii. Claim 8

Taukitoku alleges a cumulative error claim in Claim 8. (ECF No. 50 at 37-38.) He argues that he need not overcome the procedural default of Claim 8 because the Court must nonetheless consider the cumulative impact of errors properly brought before it. The Court agrees and denies Respondents' motion to dismiss with respect to Claim 8. *See Killian v. Poole*, 282 F.3d 1204, 1211 (th Cir. 2002)(stating that "even if no single error were prejudicial, where there are several substantial errors, 'their cumulative effect may nevertheless be so prejudicial as to require reversal.'")(quoting *United States v. Cruz*, 82 F.3d 856, 868 (9th Cir. 1996)).

### e. Motion to Strike

Taukitoku moves to strike state trial exhibits 20b, 21b, and

22b because they were not admitted into evidence, and therefore, not part of the state court record. (ECF No. 89 at 2.) Respondents do not oppose Taukitoku's motion and represent that they filed the record as received without modification. (ECF No. 93.) The Court grants Taukitoku's motion to strike. The Court instructs the Clerk of the Court to strike ECF No. 88-1 and instructs Respondents to resubmit the exhibit with blank sheets replacing pages 98, 115, and 134 (exhibits 20b, 21b, and 22b) within 14 days of entry of this order.

### f. Motion for Leave to File Sur-Reply

Taukitoku requests leave to file a sur-reply to Respondents' reply regarding the motion to dismiss. (ECF No. 98.) The Court finds that a sur-reply is unnecessary. Accordingly, Taukitoku's motion for leave to file a sur-reply is denied.

**IT IS THEREFORE ORDERED:**

1. Respondents' Motion to Dismiss (ECF No. 85) is DENIED.

2. The Court defers consideration of whether Petitioner can demonstrate cause and prejudice under *Martinez v. Ryan*, 566 U.S. 1 (2012), to overcome procedural default of Claim 1 and whether Petitioner can overcome procedural default of Claim 2 with a showing of actual innocence until the time of merits review. Respondents may reassert the procedural default arguments with respect to those claims in their answer.

3. Within 60 days of entry of this order, Respondents must file an answer addressing all claims in the second amended petition for writ of habeas corpus and also addressing whether Claims 1 and 2 are barred by procedural default.

4. Petitioner Samisoni Taukitoku's Motion to Strike (ECF No. 89) is GRANTED.

5. The Clerk of Court is instructed to strike ECF No. 88-1. Within 14 days of entry of this order, Respondents are instructed to resubmit the exhibit with blank sheets replacing pages 98, 115, and 134 (exhibits 20b, 21b, and 22b).

6. Petitioner Samisoni Taukitoku's Motion for Leave to File Sur-Reply (ECF No. 98) is DENIED.

DATED: this 8th day of May, 2023.

_____
HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE